UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **PRETRIAL ORDER (CRIMINAL)** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Timothy Houle, | ) | Case No.  4:05-cr-003 |
| | ) | |
| Defendant. | ) | |

I. **TRIAL**:  This case has been placed on the calendar for a jury trial scheduled in the federal courthouse in Minot, North Dakota before the Honorable Daniel L. Hovland, Chief Judge of the United States District Court, on May 2, 2006, beginning at 9:30 a.m. CST.  The case has been scheduled for two (2) days of trial.

II. **DISCOVERY**: The following discovery rules shall apply:

   a)  Rule 16 discovery shall be accomplished by the parties without the necessity of Court intervention unless there is a dispute as to whether the matter is discoverable or there is a request for a protective order pursuant to Rule 16(d)(1).  The parties are strongly encouraged to informally resolve all discovery disputes.

   b)  Upon the request of the Defendant (which request shall not be filed with the Court), the Government shall comply with Rule 16(a)(1)(A-G) and its "standard discovery policy."  This includes disclosure of all written statement of the Government's witnesses discoverable under the Jencks Act, 18 U.S.C. § 3500.  It is the intent that the "standard discovery policy" be responsive to the legitimate discovery needs of defense counsel, avoid needless waste of time in filing and answering discovery motion, and promote the early disposition of cases when appropriate.  In those extraordinary cases in which the Government believes that compliance with its "standard discovery policy" would be inappropriate, the Government shall inform the Defendant of their position at the time of the arraignment and the Court will address the matter at that time.

      c)      If the Defendant requests disclosure under Rule 16(a) the Defendant shall, upon request of the Government, comply with Rule 16(b)(1)(A-C) and shall, if relevant, provide written notice of the Defendant's intention to offer an alibi defense pursuant to Rule 12.1.

      d)      The Government shall disclose to the Defendant any exculpatory material discoverable under Brady v. Maryland, 373 U.S. 83 91963) and its progeny.

**III.**    **MOTIONS**: All motions, except motions for continuance and motions in limine, shall be filed on or before March 31, 2006. Untimely motions will not be considered. An extension of time for the filing of motions will be granted only for good cause and only if the request has been filed before the motion expiration date. All responses to pretrial motions shall be served not later than ten (10) days after service of the motion, but in any event, at least five (5) court days before trial.

**IV.**    **MOTIONS FOR CONTINUANCE**: All motions for continuance shall be considered by the Court when the opposing party has filed a response. A Defendant requesting a continuance shall file a signed waiver of the Speedy Trial Act requirements. See 18 U.S.C. § 3161.

**V.**    **MOTIONS IN LIMINE**: All motions in limine shall be filed at least five (5) court days before trial and responses served as soon as possible but not later than two (2) court days before trial. The Court will consider motions in limine filed after the deadline for good cause.

**VI.** **SUBPOENAS**: This Pretrial Order shall serve to grant in advance Defendant's application for the issuance and service of subpoenas. The Office of the Clerk of the District Court shall issue blank subpoenas, signed and sealed, to counsel upon request. Counsel shall deliver completed subpoenas directly to the United States Marshal service no later than ten (10) court days before trial. Counsel may need to demonstrate good cause to the Court is subpoenas are presented for service less than (10) court days before trial. If the Defendant has been found to be indigent, the United States Marshal shall serve the subpoenas and pay witness fees in the same manner as is appropriate for government witnesses.

**VII.** **JURY INSTRUCTIONS**: At least five (5) court days before the commencement of the trial, counsel shall serve and file proposed written jury instructions. Counsel shall also submit the instructions via e-mail to the Judge Hovland's law clerks and/or enclose a diskette.

Dated this 1st day of March, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge